UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>v.<br><br>WADE B. COOK, and LAURA M. COOK,<br><br>             Defendants. | No.  CR05-424Z<br><br>ORDER |

This matter comes before the Court on Defendants Wade and Laura Cook's joint motion to continue the trial date and to request a status conference, docket no. 80.  Having reviewed the Defendants' motion, the government's opposition and supplemental opposition, docket nos. 81 and 82, and Defendants' reply, docket no. 83, the Court enters the following Order.

**BACKGROUND**

On April 7, 2006, the Court entered an Order Setting Trial Date ("Order"), which stated in relevant part as follows:

> The Court finds, pursuant to 18 U.S.C. § 1361(8)(B)(ii), that this case is unusual and complex due to the nature of the prosecution demonstrated by the large volume of discovery, the large number of witnesses, the number of tax years involved, and the need for experts.  In addition, counsel for the defendants have several other trials already scheduled which limits their availability.  The continuance granted here is necessary to permit the defendants' continuity of counsel and lack of a continuance would deny those

ORDER   -1-

> attorneys time necessary for effective preparation for this criminal trial, taking into account the exercise of due diligence. As a result, it is unreasonable to expect adequate preparation for trial within the time limits established under the speedy trial act, 18 U.S.C. § 1361.
>
> The Court therefore finds that the ends of justice served by continuing this trial outweighs the best interest of the public and the defendants in a speedier trial, and that the period of delay resulting from this continuance, from March 13, 2006, until January 16, 2007, is exludable time pursuant to 18 U.S.C. § 3161(8)(A).

Docket no. 67. At the time the Court entered the Order, the Court was aware that the discoverable materials included over 1800 boxes held at various locations by the United States Attorney's Office, along with several electronic hard drives and promotional materials from Wade B. Cook seminars. See Calfo Decl.

Since issuing the Order, the government has come into possession of approximately 35-40 additional hard drives once owned by Wade Cook Financial Corporation ("WCFC"). Additionally, the government became aware of, and disclosed the existence of, an additional storage facility containing 300-400 boxes of related documents. Also, the Court previously made provisions for an electronic discovery database to allow the government and Defendants easier access to the documentary evidence in this case; that database is now scheduled for completion in mid-to-late October. Finally, since issuing the Order, Defendants' counsels' trial schedule has opened up considerably. Defendant Wade Cook's counsel is no longer scheduled for what was anticipated to be a three-month trial commencing in September 2006, and Defendant Laura Cook's counsel anticipates that a trial previously scheduled to begin on October 31, 2006, will be continued until Spring 2007.

## DISCUSSION

The decision to grant or deny a requested continuance lies within the broad discretion of the district court. United States. v. Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985). "In deciding whether to grant a continuance a district court must balance (1) whether the continuance would inconvenience the witnesses, the court, counsel, or the parties; (2)

whether other continuances have been granted; (3) whether legitimate reasons exist for the delay; (4) whether the delay is the defendant's fault; and (5) whether a denial would prejudice the defendant." United States v. Fowlie, 24 F.3d 1059, 1069 (9th Cir. 1994). Additionally, "the Speedy Trial Act assigns district courts an independent responsibility to protect both the defendant's and the public's strong interest in the timely administration of justice." United States v. Hall, 181 F.3d 1057, 1062 (9th Cir. 1999).

Defendants contend that a continuance of the trial date and/or the relevant pretrial deadlines is necessary because of the newly disclosed evidence, the delay in completing the electronic discovery database, and the government's previous motion to review documents selected for copying by Defendants. The government opposes the motion, arguing that ample time remains to review all disclosed materials, the electronic database is not a *necessary* tool of trial preparation, and Defendants will not be, and have not been, prejudiced.

Having carefully reviewed the changes in circumstances since the Court issued the Order in April 2006, the Court finds that no continuance is warranted. First, in setting the January 2007 trial date, the Court took into account (1) the large volume of discovery, (2) the large number of witnesses, (3) the number of tax years involved, (4) the need for experts, and (5) Defendants' counsel's then-pending trial calendars, which included "several other trials already scheduled which limits their availability." See Order at 1. The Court finds that counsel will not be overly-inconvenienced by the newly disclosed documents and electronic materials. Second, the Court notes that it previously granted Defendants' request for a lengthy continuance of the trial date (over the government's objection). Third, the Court notes that, at the time of disclosure of the newly discovered materials, there remained approximately six months before trial. Fourth, the Court has previously recognized the need for experts. The government has, at this early date, disclosed *all* of its expert witnesses and provided Defendants' with the reports of those experts. Defendants have had, and will have,

ORDER   -3-

ample opportunity to procure experts.  Finally, the Court finds that any potential prejudice caused by the newly disclosed materials and delay in creating the electronic discovery database is alleviated by the changes in Defendants' counsels' trial calendar.  Moreover, the materials in question are now apparently available for review, albeit not in the rapidly-searchable form Defendants' suggest they need to proceed with this case.  The Court finds that the Defendants' will not be prejudiced simply because they have to search some portion of the existing documents in hard-copy form.

## CONCLUSION

In sum, the Court concludes that the factors identified in Fowlie, along with the policy favoring the public's interest in the timely administration of justice, weigh heavily in favor of maintaining the current trial date and pretrial deadlines.  Accordingly, the Court DENIES Defendants' joint motion to continue the trial date and to request a status conference. Docket no. 80.

IT IS SO ORDERED.

DATED this 31st day of August, 2006.

Thomas S. Zilly
United States District Judge

ORDER   -4-