UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No.  CR05-424Z |
| v. | |
| WADE B. COOK, and LAURA M. COOK, | ORDER |
| Defendants. | |

This matter comes before the Court on the Defendants' Motion to Dismiss Counts 2 and 5 for Lack of Jurisdiction, docket no. 119.  For the reasons stated in this Order, Defendants' Motion to Dismiss Counts 2 and 5 for Lack of Jurisdiction, is DENIED.

The Government filed an Information in this case on December 1, 2005.  The Information charged, in part, tax evasion and the filing of fraudulent tax returns for the year 1998 for which the Cooks' personal returns were filed October 15, 1999.  Prior to the filing of the Information, the Cooks executed an agreement to toll the statute of limitations for 60 days from October 15, 2005, to December 15, 2005.  The Government later filed an Indictment returned on February 8, 2006.

The Defendants contend that the Court lacks jurisdiction as to Counts 2 and 5 of the Indictment because the statute of limitations on these Counts expired on December 15, 2005. Defendants contend the Government cannot assert jurisdiction based on the Information filed on December 1, 2005 because there was no valid Waiver of Indictment by the Defendants.

ORDER   -1-

1    The filing of the Information tolled the applicable limitation period. The Information
2 was "instituted" when it was filed on December 1, 2005. See United States v. Watson, 941
3 F. Supp. 601, 603-04 (N.D. W.Va. 1996). 18 U.S.C. § 3282 provides in substance that,
4 except as otherwise provided by law, no person can be prosecuted for any offense unless "an
5 indictment is found or the information is instituted within five years next after the offense
6 shall have been committed." 18 U.S.C. § 3282 (2000 & Supp 3 2003). The limitations
7 period on tax evasion and filing false returns is six years. 26 U.S.C. § 6531. Defendants
8 concede the Information was filed within the applicable statute of limitations for the offenses
9 charged in Counts 2 and 5 (October 15, 2005), as extended by the tolling agreement.
10 Defendants' Motion to Dismiss, docket no. 119, at pg. 4. Defendants do not contend that the
11 29-page Information filed on December 1, 2005 did not fully inform the Defendants of the
12 charges. The subsequent Indictment mirrors that Information. Defendants' Motion, docket
13 no. 119 at 4 n.1. Defendants' argument that because the Indictment in this case was not filed
14 until February 8, 2006, the Court lacks jurisdiction, is without merit.

15    18 U.S.C. § 3288 provides as follows:

> Whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, or, in the event of an appeal, within 60 days of the date the dismissal of the indictment or information becomes final, or, if no regular grand jury is in session in the appropriate jurisdiction when the indictment or information is dismissed, within six calendar months of the date when the next regular grand jury is convened, which new indictment shall not be barred by any statute of limitations. This section does not permit the filing of a new indictment or information where the reason for the dismissal was the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution.

23 18 U.S.C. § 3288 (2000). The statute of limitations in this case was tolled when the
24 information was filed on December 1, 2005. By the express language of Section 3288, the
25 Information may be replaced by a subsequent indictment within six months. See United
26 States v. Burdix-Dana, 149 F.3d 741, 743 (7th Cir. 1998). Although the statute contemplates

ORDER  -2-

an indictment <u>after</u> the information is dismissed, the same result must follow where the indictment, as in this case, was filed <u>before</u> the information was dismissed. The original filing of the information is the event critical to the tolling of the limitation period. Thus, 18 U.S.C. § 3288 applies and the Indictment filed in this case on February 8, 2006, provides subject matter jurisdiction and the new Indictment is not barred by the statute of limitations.

Because the Court finds the statute of limitations has been satisfied, the Court does not address the issue of whether the Defendants' Waiver of Indictment in March 2005 was valid under Rule 7(b).

IT IS SO ORDERED.

DATED this 31st day of October, 2006.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge