UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>WADE B. COOK, and LAURA M. COOK,<br><br>      Defendants. | No.  CR05-424Z<br><br>ORDER |

  This matter comes before the Court on the Defendants' Joint Motion to Suppress, for Return of Property, and Request for an Evidentiary "Franks" Hearing, docket no. 121.  On June 24, 2005, Magistrate Judge Monica Benton issued a search warrant authorizing federal agents to search the residence, home office, and various outbuildings of Wade and Laura Cook's Fall City ranch.  See Defs.' Mot., docket no. 121, Ex. 1 (Search Warrant).  The object of the search was a document titled "Secured Promissory Note," and all copies of the document, whether in hard-copy or electronic form.  Id. at 23.  The warrant authorized the seizure and removal of computer systems and components for off-site forensic analysis.  Id. at 24.  The search took place on June 29, 2005, and included both a hand search for

ORDER   -1-

documents and the removal of sixteen computer systems with seventeen hard drives and various removable storage media. See Johnson Decl., docket no. 126, ¶ 3. Special Agent Kim Young, a computer forensic examiner, took control of the sixteen computers and spent approximately 21 hours imaging their seventeen hard drives. Id. ¶ 4. Agent Young completed her imaging on June 30, 2005. Id. Twelve computers were returned to the Cooks on July 5, 2005, and the remaining four computers were returned on August 22, 2005. Id.

**A.     Motion for Franks Hearing**

The Cooks allege that the government misled Judge Benton to obtain the search warrant for their computer systems by presenting misleading and inaccurate information in the search warrant affidavit. The Cooks request a Franks hearing to challenge the sufficiency of the warrant. The Cooks contend that the affidavit supporting the warrant misled Judge Benton by informing her that it would be "impossible" to perform a proper search without seizing each computer and transporting it to a controlled off-site location for imaging and searching. Agent Johnson advised Judge Benton that removing the computers to a controlled off-site location would be necessary:

> [B]ased on my training and experience and that of Special Agent Holm, I know that in most cases it is impossible to successfully conduct a complete, accurate, and reliable search for electronic evidence stored on a computer or other electronic storage media during the physical search of a search site . . .

See Defs.' Mot., docket no. 121, Ex. 1 at 46 (Johnson Aff. ¶ 29). Agent Johnson's affidavit made this representation based on her training and experience, as well as her consultation with Agent Jeff Holm, a Computer Investigative Specialist. Id. ¶ 28. Johnson's affidavit states that "in most cases" it is impossible to successfully conduct a comprehensive on-site electronic search. The affidavit describes the anticipated technical challenges, including the volume of evidence, risks of hidden or obfuscated evidence, and possible "deleted" data which might only be retrievable in a controlled environment, as the basis for removing the computers for off-site imaging and searching. See id. ¶ 29.

The Cooks argue that the government did not provide sufficient factual information to justify "such a broad search and seizure." See United States v. Hill, 459 F.3d 966, 975 (9th Cir. 2006) ("[T]here must be some threshold showing before the government may 'seize the haystack to look for the needle.'"). However, the government's actions substantially complied with the requirements of Hill. The Ninth Circuit in Hill noted that the government "must . . . demonstrate to the magistrate factually why such a broad search and seizure authority is reasonable in the case at hand." Id. Hill considered two reasons why an on-site search might be impractical, both of which are applicable here. First, the court noted the impracticability for law enforcement of bringing a wide range of computer equipment capable of reading every variety of operating system, encrypted disk, and removable media. Second, the court noted that even if the agents had proper equipment the process would be time-consuming and risk the accidental loss of files or damage to media. 459 F.3d at 974-75. A third consideration is present in this case: the time required to image and search sixteen computers, which undoubtedly would have left agents at the Cooks' home for a substantial (and unreasonable) amount of time.

The Cooks do not dispute that Agent Johnson provided a factual basis for seizing the computers as part of the search. Rather, they dispute the veracity of Agent Johnson's representations, and the allegedly "misleading" content of her affidavit. The Court concludes that Agent Johnson's affidavit provided Judge Benton with sufficient factual justification for removing the computers from the site for analysis and search in a secure, controlled environment. See Defs.' Mot., docket no. 121, Ex. 1 at 46 (Johnson Aff. ¶ 29); see also United States v. Hay, 231 F.3d 630, 637 (9th Cir.2000) ("[T]he affidavit explained why it was necessary to seize the entire computer system in order to examine the electronic data for contraband. It also justified taking the entire system off site because of the time, expertise, and controlled environment required for a proper analysis."); United States v. Lacy, 119 F.3d 742, 746-47 (9th Cir.1997) ("In the affidavit supporting the search warrant

application, a Customs agent explained there was no way to specify what hardware and software had to be seized to retrieve the images accurately."). The Cooks fail to make the required preliminary showing that the affidavit supporting the warrant contained false statements. Accordingly, the motion for a <u>Franks</u> hearing, docket no. 121, is DENIED.

**B.     Joint Motion for Return of Property**

The Cooks' Joint Motion for Return of Property, docket no. 121, is DENIED without prejudice. The Cooks' counsel represents that their computers have not been returned, while Agent Johnson and the government represent that 12 were returned on July 5, 2005, and 4 were returned on August 22, 2005. <u>See</u> Johnson Decl., docket no. 126, ¶ 4. The parties' understanding of the facts is different; the parties shall meet and confer to ascertain where the computers are located. The Cooks may renew their motion if the computers have not already been returned.

**C.     Joint Motion to Suppress**

The Joint Motion to Suppress, docket no. 121, is DENIED. The affidavit of Agent Johnson set forth probable cause with regard to the promissory note and the computer systems on which the document, and copies, might be located. <u>See</u>, <u>e.g.</u>, <u>Illinois v. Gates</u>, 462 U.S. 213, 238-39 (1983) ("A magistrate's 'determination of probable cause should be paid great deference by reviewing courts.'"). The Court concludes that Magistrate Judge Benton had a "substantial basis for . . . conclud[ing]" that a search would uncover evidence of criminal activity. <u>Id.</u> at 236. It was reasonable under the circumstances to search the Cooks' computers at their ranch in Fall City, after removing them to an off-site location. Accordingly, the Motion to Suppress is DENIED.

## CONCLUSION

For the reasons stated in this Order, Defendants' Motion to Suppress, for Return of Property, and Request for Evidentiary "Franks" Hearing, docket no. 121, is DENIED.

ORDER   -4-

IT IS SO ORDERED.

DATED this 3rd day of November, 2006.

                                                                          /s/ Thomas S. Zilly

                                                                          Thomas S. Zilly
                                                                          United States District Judge