01

02

03

04 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
05 AT SEATTLE

06 UNITED STATES OF AMERICA,                )    CASE NO. CR05-0424-TSZ
                                            )
07          Plaintiff,                      )
                                            )
08     v.                                   )    ORDER RE:
                                            )    DEFENDANTS' JOINT MOTION FOR
09 WADE B. COOK, and LAURA M. COOK,         )    RETURN OF PROPERTY
                                            )
10          Defendants.                     )
   _____ )

11

12          Defendants Wade and Laura Cook have been indicted on several charges relating to

13 conspiracy and violation of the internal revenue laws in connection with certain charitable

14 remainder unitrust agreements and a limited partnership, Never Ending Wealth, LP. (Dkt. 108.)

15 Before charges were filed, and during the execution of a search warrant at the Cook's residence

16 on June 29, 2005, the government seized a three-ring binder.  The cover of the binder contained

17 the notation "Cook, Wade & Laura 10536.01 Meeting Notebook March 10, 2004 Laura Cook

18 copy".  The Cooks assert that their then-attorney, Robert Chicoine, prepared the notebook for a

19 March 10, 2004 meeting to discuss strategy relating to the pending criminal investigation.

20 Defendants jointly moved for the suppression and return of the binder and its contents, contending

21 the communications contained therein were privileged communications between Wade and Laura

22 Cook and their attorney.  (Dkt. 118.)  Defendants also moved for an evidentiary hearing to

ORDER RE: DEFENDANTS' JOINT
MOTION FOR RETURN OF PROPERTY
PAGE -1

01   determine the facts surrounding the seizure, retention, and potential use of the binder by the

02   government.

03        The government responded that the binder had been seized, but not examined pending a

04   determination of the privileged nature of its contents. (Dkt. 123.) The government agreed that

05   some portion of the binder may contain confidential attorney-client communications, but asserted

06   the binder might also contain copies of a promissory note specified in the search warrant. The

07   government argued that documents cannot be rendered privileged simply by including them within

08   an otherwise privileged set of materials.

09        On November 2, 2006, the Honorable Thomas S. Zilly denied defendants' motion for an

10   evidentiary hearing, finding a failure to show a significant disputed factual issue. Judge Zilly

11   deferred the motion for return of property pending an *in camera* examination of the binder and

12   its contents by the undersigned United States Magistrate Judge, and a determination of the extent

13   to which the materials are protected by the attorney-client privilege. (Dkt. 142.)

14        The government delivered the binder and its contents and three additional documents, as

15   further described below, on November 3, 2006. This Order follows an examination of those items.

16                  **<u>Description of Items Examined</u>**

17        Defendants describe the binder and its contents in the Motion for Evidentiary Hearing

18   Regarding Binder Seized by Government. (Dkt. 120 at 3-4.) The documents are tabbed and

19   indexed within the binder. Many of the documents consist of copies of letters or memos

20   exchanged between Wade or Laura Cook and Mr. Chicoine. Other documents consist of copies

21   of attachments such as the Limited Partnership Agreement for Never Ending Wealth or the

22   Certificate of Limited Partnership issued by the State of Nevada.

ORDER RE: DEFENDANTS' JOINT
MOTION FOR RETURN OF PROPERTY
PAGE -2

01                    **Work Product Doctrine and the Attorney-Client Privilege**

02          Defendants assert the attorney-client privilege as a bar to disclosure of the documents at

03 issue.  The attorney-client privilege is intended to promote free and open communication between

04 attorneys and clients by protecting client confidences. 6 James Wm. Moore et al., *Moore's Federal*

05 *Practice* ¶ 26.70[8] (3d ed. 2006).  The privilege protects confidential disclosures made by a client

06 to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such

07 disclosures.  *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992).

08          On the other hand, "[t]he work product doctrine is both distinct from and broader than the

09 attorney-client privilege."  6 *Moore's Federal Practice* ¶ 26.70[8].  The work product  rule is

10 intended "to protect an attorney's mental processes so that the attorney can analyze and prepare

11 for the client's case without interference from an opponent." *Id*.  The client may assert either or

12 both the attorney-client privilege and the work product doctrine.

13          1.    Binder Materials

14          An examination of the binder shows that most of the documents are covered by the

15 attorney-client privilege and all are clearly covered by the work product doctrine.  Some of the

16 documents are copies of communications from Wade or Laura Cook to Mr. Chicoine, and his

17 responses, for the purpose of obtaining legal advice relating to the pending criminal investigation.

18 In addition, Mr. Chicoine included some of the documents in the binder so as to facilitate a

19 discussion of pertinent issues.  Examples of such documents include the partnership agreement and

20 certificates issued by the Nevada Secretary of State.  The binder also contains a copy of the March

21 10, 1999 Secured Promissory Note and Stock Pledge Agreement appended to Attachment A of

22 the June 24, 2005 Search Warrant, a document already in the possession of the government.  The

ORDER RE: DEFENDANTS' JOINT
MOTION FOR RETURN OF PROPERTY
PAGE -3

01   seized materials do not include any other iterations or drafts of the Promissory Note and Stock

02   Pledge Agreement.

03        The attorney-client privilege clearly covers the letters and memos between the Cooks and

04   Mr. Chicoine.  Various other documents included in the binder may not be so protected, since

05   "attachments which do not, by their content, fall within the realm of the [attorney-client] privilege

06   cannot become privileged by merely attaching them to a communication with the attorney[.]"

07   *O'Connor v. Boeing N. Am., Inc.,* 185 F.R.D. 272, 280 (C.D. Cal. 1999).  The Court need not

08   reach that issue, however, because the documents are protected by the work-product doctrine.

09   That is, the inclusion of the particular documents in the binder resulted from Mr. Chicoine's

10   compilation of materials preparatory to the conference with his clients to discuss their case.  *See,*

11   *e.g., Willingham v. Ashcroft*, 228 F.R.D. 1, 6-7 (D. D.C. 2005).  This "mental selective process"

12   reflects the attorney's mental impressions, which are protected as work product.  *Shelton v.*

13   *American Motors Corp.*, 805 F.2d 1323, 1328 (8th Cir. 1986).

14        2.   Other Documents

15        The government seized several additional documents along with the three-ring binder and

16   its contents.  The documents include an Assignment signed by Wade B. Cook, an unsigned

17   Assignment with a notation "Wade–Sign for Auditors–Cindy", and an unsigned Third Amendment

18   to Open-Ended Product Agreement, with a notation "Wade–Sign for Auditors–as of 6-30-

19   01–Cindy".  It does not appear that either the work product doctrine or the attorney-client

20   privilege would prevent the release of these documents.  However, as discussed below, these

21   documents need not be disclosed because they are outside the scope of the search warrant.

22        **Scope of the Search Warrant**

ORDER RE: DEFENDANTS' JOINT
MOTION FOR RETURN OF PROPERTY
PAGE -4

01  Judge Zilly also charged the undersigned with determining whether the binder and other

02  materials produced for *in camera* inspection contain evidence within the scope of the search

03  warrant.  Specifically, the Search Warrant allowed a search for "The Secured Promissory Note,

04  a copy of which is attached, and all copies of said note in whatever form" and a search of

05  computer systems and/or their components for the purpose of seizing copies or drafts of the

06  Secured Promissory Note and data related to its preparation.  With the exception of the Secured

07  Promissory Note and Stock Pledge Agreement (a duplicate of the copy attached to the Search

08  Warrant), it appears that the documents at issue do not come within the scope of the warrant.

09                                    **Conclusion**

10  The binder and its contents should be returned to defendants, along with the three

11  additional documents consisting of a signed Assignment, an unsigned Assignment, and the Third

12  Amendment to Open-Ended Product Agreement.  **Pending the resolution of this case, the**

13  **binder, its contents, and the three additional documents should be maintained by the**

14  **defendants in the condition in which the materials are returned to them.**      The Clerk is

15  directed to send copies of this Order via electronic notification to each of the following: counsel

16  for the United States, counsel for Defendants, the Honorable Thomas S. Zilly, and Judge Theiler.

17  If electronic notification is not available for a given party, the Clerk is directed to send via first-

18  class mail a copy of this Order to that party.

19  DATED this 16th day of November, 2006.

20

21                                    Mary Alice Theiler
                                      United States Magistrate Judge
22

ORDER RE: DEFENDANTS' JOINT
MOTION FOR RETURN OF PROPERTY
PAGE -5