UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR05-424Z |
| v. | ORDER |
| WADE B. COOK, and LAURA M. COOK, | |
| Defendants. | |

This matter comes before the Court on a joint motion to continue trial date, docket no. 154, by Defendants Wade and Laura Cook. Having reviewed the Defendants' motion, the Government's opposition, docket no. 161, and the Defendants' reply, docket no. 168, the Court enters the following Order.

## BACKGROUND

On April 7, 2006, the Court entered an Order setting a trial date of January 16, 2007. That Order stated in relevant part as follows:

> The Court finds, pursuant to 18 U.S.C. § 1361(8)(B)(ii), that this case is unusual and complex due to the nature of the prosecution demonstrated by the large volume of discovery, the large number of witnesses, the number of tax years involved, and the need for experts. In addition, counsel for the defendants have several other trials already scheduled which limits their availability. The continuance granted here is necessary to permit the

ORDER  -1-

> defendants' continuity of counsel and lack of a continuance would deny those attorneys time necessary for effective preparation for this criminal trial, taking into account the exercise of due diligence. As a result, it is unreasonable to expect adequate preparation for trial within the time limits established under the speedy trial act, 18 U.S.C. § 1361.

Docket no. 67. The Court's decision in April 2006 to set a trial date in January 2007 was over the strong objections of the Government, who urged the Court to set a trial in the summer of 2006.

On August 31, 2006, the Court denied the Defendants' joint request to continue the trial date based on newly disclosed evidence, which included 35-40 hard drives once owned by Wade Cook Financial Corporation and 300-400 boxes of related documents. See Order, docket no. 86, at 4. In that Order, the Court noted its previous extension of the trial date, over the Government's objection, and the fact that the previous extension had been granted in light of the complex nature of the case and defense counsel's busy schedules.

Defendants now again request an extension of the trial date based on new exhibits and witnesses identified by the Government, privilege issues relating to Wade Cook Financial Corp., discovery database errors by an outside vendor, and counsel's busy schedule.

## DISCUSSION

The decision to grant or deny a requested continuance lies within the broad discretion of the district court. United States. v. Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985). "In deciding whether to grant a continuance a district court must balance (1) whether the continuance would inconvenience the witnesses, the court, counsel, or the parties; (2) whether other continuances have been granted; (3) whether legitimate reasons exist for the delay; (4) whether the delay is the defendant's fault; and (5) whether a denial would prejudice the defendant." United States v. Fowlie, 24 F.3d 1059, 1069 (9th Cir. 1994). "[T]he Speedy Trial Act assigns district courts an independent responsibility to protect both the defendant's and the public's strong interest in the timely administration of justice." United States v. Hall, 181 F.3d 1057, 1062 (9th Cir. 1999). In considering whether to grant

a continuance, the public's right to a speedy trial must also be given consideration. See id. at 1061-62.

Defendants contend that although they have diligently attempted to prepare for trial, various factors have conspired to make it "essentially impossible" for the defense to be prepared to try the case on January 16. Defendants describe various circumstances in support of their motion for a continuance.

**A.    Exhibit List**

Defendants Wade and Laura Cook contend that a continuance is warranted because the exhibit list provided by the Government on November 1, 2006 lists 1165 exhibits, and is approximately five times as long as the Government's preliminary exhibit list, which was previously provided in February. Defendants also complain that the Government has failed to provide Bates numbers for all exhibits (omitting Bates numbers from over 100 exhibits) or provide a complete numbered set of exhibits with the list of proposed exhibits. See Mot., docket no. 154, Ex. A (Gov't. Prop. Ex. List). The Government counters that the changes to the exhibit list are largely the result of additional details for exhibits previously identified by group. These individual exhibits include checks and corresponding invoices, as well as business records identifying purchases allegedly made with royalty funds. The Government also argues that the Defendants have had an exceptional preview of the Government's case from its various filings, that there has been no unfair surprise in the identification of exhibits and witnesses, and that the Government should not be punished for providing such a detailed preview of its case in advance of trial.

The Court acknowledges the extensive list of documents included in the Government's exhibit list, but the Court does not find that the changes to the Government's exhibit list, submitted more than ten weeks in advance of trial, constitute a legitimate reason for continuing the trial date. The factual allegations in this case have not changed; this has always been a complex case and the large number of exhibits and witnesses factored in the

Court's prior grant of a ten-month continuance. The changes to the Government's exhibit list do not provide a basis for granting the Defendants' request for a continuance.

The Court notes the Defendants' claim that the Government has not produced various emails which are included in the exhibit list, in particular, emails from Tim Berry (a.k.a. "Fred Thompson") to the IRS. To the extent these documents have not already been produced, the Court ORDERS the Government to produce those documents to the Defendants within ten days of this Order.

**B.     Witness List**

Defendants contend that a continuance is warranted because the Government has added 39 people to the list of witnesses it intends to call at trial. The Government counters that the Defendants have known of all the witnesses for many months. The Government represents that it "provided witness statements for all witnesses, not just those on the list, on June 30, 2006." See Opp., docket no. 161, at 6. On that basis, the Government argues that any claim of surprise or inability to prepare is without merit. In Reply, the Defendants claim that various witness statements have not been produced. See Reply, docket no. 168, at 7 n.3.[1] The Defendants also note that full disclosure of witnesses still creates work for counsel, who must examine each of the Government's witnesses.

The Court does not find that the changes to the Government's witness list, or the length of the list, provides a basis for the continuance of the trial date. This case has always been complex, with many witnesses, and the Government's updated witness list merely reflects a reasonable effort to provide Defendants with an updated and complete list of witnesses. Trial is now scheduled to commence on January 16, 2007, more than ten weeks after the Government provided Defendants with its entire witness list. In addition, the

---

[1] Defendants assert that statements from the following witnesses have not been produced: Eleanor Durham, Robert Schoeder, Rebeccah Rideout Ford, Diane Whitman Lesky, Donna Markert, Rick Fisher, Robert Rhode, Barbara Rodriguez, Norris Scheuerman, Rex Staples, Jeff Wilson.

ORDER   -4-

Government's case is projected to take approximately 4 weeks.  The Defendants have experienced counsel who can adequately prepare for trial under these circumstances in the time remaining before trial.

To the extent witness statements for witnesses on the Government's witness list have not been provided, as the Defendants claim, see Reply, docket no. 168, at 7 n. 3, the Court ORDERS the Government to produce those witness statements within ten days of this Order.

### C. Wade Cook Financial Corp. Computer Network

Defendants contend that various issues of privilege relating to documents in the possession of the Bankruptcy Trustee complicate the review of documents on computer servers comprising the Wade Cook Financial Corp.'s former computer network.  These servers house email and accounting records, and are in the custody of the Bankruptcy Trustee.  Defendants allege that documents on the computer servers may be relevant, and that email on the servers must to be reviewed.  Defendants expected to have access to a searchable database by late October, but now estimate that they will not have access until late November.  Defendants claim the inability to access these materials adversely impacts their ability to prepare for trial.  The Government correctly counters that the documents are of questionable relevance, because this matter relates to the Cooks' personal finances; the Government also argues that materials on the servers are duplicative of hard-copy documents already in the Cooks' possession.

The Court finds that the complications with the database do not provide grounds for granting a continuance.  Complications in electronic discovery are common, but the Defendants will have access to a searchable data base by the end of November, more than six weeks prior to trial.  In addition, the earliest involvement of the trustee was after most of the events in this case, simplifying the review of privileged documents.

ORDER  -5-

**D.     Database Compilation Errors**

The Defendants complain that an outside vendor made errors in document labeling and document access, adversely impacting their ability to review documents in electronic form. Defendants ask for a continuance due to the delay in access to documents in their electronic form. However, as the Court noted in its Order of August 31, 2006, counsel is not overly inconvenienced by an inability to review all documents in electronic form. Although perhaps more efficient and convenient, where electronic document review is unavailable, the Defendants' counsel may review documents in hard-copy form. See Order, docket no. 86, at 4. Defendants note in Reply that "errors in the construction of the database were not remedied until the beginning of October." Reply, docket no. 168, at 9. The fact that the database was not fully available on schedule is not grounds for a continuance. Nearly every case with electronic document review will experience technical challenges; counsel could have reviewed documents in hard-copy form where electronic review was unavailable. Electronic review has been available since early October.

**E.     McGowan Conflict**

Ms. Cook's counsel requests a continuance on the basis of its extensive involvement in the unrelated McGowan criminal case. However, the Court's original ten-month continuance was granted in light of counsel's busy schedule, including the McGowan matter. The Court finds that counsel's scheduling difficulties do not provide grounds for a continuance.

**F.     Scheduling**

This case has a long history. In early 2005, Defendants were alerted to a possible indictment for income tax evasion for the years 1998-2000. In March 2005, the Cooks appeared in Court and waived indictment to charges of tax evasion and the filing of fraudulent tax returns for the years 1998-2000. In the spring of 2005, the Cooks voluntarily appeared with counsel and testified under oath about events in the tax years in question. At

ORDER   -6-

that time the Government provided Defendants with key documents and asked questions of the Defendants about the documents. In the fall of 2005, the Cooks stipulated to the tolling of the statute of limitations for 60 days until December 14, 2005.

On December 1, 2005, the Government filed a 29-page detailed Information charging conspiracy, income tax evasion for tax years 1998 through 2000, and making and subscribing fraudulent returns for the years 1998-2000. At the same time the Government filed a single count Indictment for obstruction of justice. Ultimately these charges were combined in a Superseding Indictment filed on February 8, 2006. The Superseding Indictment essentially mirrored the various charges of obstruction and the various tax charges.

The original trial date was set for March 13, 2006. As a result of the Defendants' motion to continue, the Court, in April 2006, set the trial date of January 16, 2007. The Court set aside approximately 6-8 weeks on its calendar to try this case. Since April 2006 the Court has attempted to avoid any conflicts in its own calendar. As a result, many other cases have been continued or otherwise set in a manner to allow this case to proceed on schedule.

The Government has worked diligently to provide Defendants with the list of witnesses, witness statements, and a complete exhibit list in a timely fashion.

## CONCLUSION

Having reviewed the changes in circumstances since the Order in April 2006, and the Order in August 2006, the Court finds that no continuance of the trial date is warranted. The factors identified in Fowlie, along with the policy favoring the public's interest in the timely administration of justice, weigh in favor of maintaining the current trial date and pretrial deadlines. The Court previously granted a lengthy continuance over the Government's objection, in light of the complicated nature of this case. Accordingly, the Court DENIES Defendants' Joint Motion to Continue the Trial Date, docket no. 154.

IT IS SO ORDERED.

DATED this 29th day of November, 2006.

*/s/ Thomas S. Zilly*
Thomas S. Zilly
United States District Judge