UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>WADE B. COOK, and LAURA M. COOK,<br><br>                      Defendants. | No.  CR05-424Z<br><br>ORDER |

      This matter comes before the Court pursuant to the designation of statements by Wade and Laura Cook which the Government intends to use at trial. See Summary of Excerpts, docket no. 194.  The Court previously DENIED IN PART and DEFERRED IN PART the Defendants' Joint Motion to Exclude Prior Testimony, docket no. 127.  The Cooks sought to exclude the admission of sworn statements by Wade and Laura Cook during the Government's investigation and unrelated civil proceedings.  The Court ruled that the Cooks' prior testimony would be admissible if not offered for the truth of the matter asserted or if offered as a co-conspirator's statement in furtherance of the conspiracy.  See Minute Entry, docket no. 198; see United States v. Stewart, 433 F.3d 273, 291-93 (2d Cir. 2006).

ORDER   -1-

Although the Cooks present renewed argument as to why their testimony should be barred under the Confrontation Clause and <u>Crawford</u>, the Court declines to reconsider its prior ruling.

**1.  Privilege Against Adverse Spousal Testimony.**

In response to the Government's designation of prior testimony, the Cooks raise a new objection to the admission of their testimony: the privilege against adverse spousal testimony.  <u>See</u>, <u>e.g.</u>, <u>United States v. Montgomery</u>, 384 F.3d 1050, 1056 (9th Cir. 2004) ("[W]itness [may] refuse to testify against his or her spouse."); <u>see also</u> <u>Trammel v. United States</u>, 445 U.S. 40, 53 (1980) ("[T]he witness-spouse alone has a privilege to refuse to testify adversely; the witness may be neither compelled to testify nor foreclosed from testifying.").  On the basis of the privilege of one person to refuse to testify against his or her spouse, the Cooks urge that each of their respective statements to the Government may not be admitted at their joint trial.

Before the filing of charges, Mr. and Mrs. Cook voluntarily met with Assistant United States Attorney Robert Westinghouse to answer questions under oath.  The statements were recorded by a court reporter; neither offered any objection on the basis of marital privilege.  A communication by Mr. Westinghouse to the Cooks' attorney, Mr. Robert Chicoine, set forth the Government's expectations as well as the fact that the Cooks' statements could be used against "them" in any subsequent prosecution:

> Any such meeting [between the United States and Mr. and Mrs. Cook] would provide the Cooks with the opportunity to tell us, in their own words, about their conduct in running their various entities and in particular their apparent evasion of substantial federal income taxes.  Any such meeting, however, would be without proffer protections and *if one or both of the Cooks were subsequently charged with federal criminal tax offenses, statements made during this meeting could be used against them*.  We are willing to meet with either Mr. or Mrs. Cook.  If both of the Cooks would like to meet with us, we will meet with them seriatim, beginning with Mr. Cook.

Reply, docket no. 216, attach. A (Westinghouse Letter) (emphasis added).  Mr. and Mrs. Cook have now filed declarations objecting to the use of their testimony against each other

ORDER  -2-

on the basis of the privilege against adverse spousal testimony. See Cook Declarations, docket no. 209. The Cooks argue that as "testifying spouses" they "control the use of their testimony against the non-testifying spouse, and neither provides consent for their testimony to be so used."

The Government notes that the statements at issue were not compelled: each defendant appeared voluntarily at the United States Attorney's Office to provide the statements the Government now intends to offer. The Government informed the Cooks that "statements made during this meeting could be used against *them*" in future criminal proceedings. See Reply, docket no. 216, attach. A (emphasis added). The Government contends that to the extent the privilege against adverse spousal testimony applies, it was waived for the purpose of the sworn statements made by the Cooks.

The statements of the Cooks are admissible, notwithstanding the spousal testimony privilege, because the statements were voluntarily given and the privilege thus waived. The Cooks fail to cite a case applying the adverse spousal testimony privilege to prevent the admission of testimony already given.[1] United States v. Hall, on which the Cooks rely, concerned the "egregious" misuse of an unauthenticated hearsay "summary" of a statement given by the defendant's wife, who asserted her privilege against testifying against her husband. 989 F.2d 711 (4th Cir. 1993). During cross-examination of the defendant, the prosecutor read from what was supposedly a "summary" of a statement given by the wife. Id. at 716. The reviewing court held the statement was inadmissible hearsay, and that the use of the statement violated the marital communications privilege and the spousal testimonial

---

[1] The Cooks invoke the privilege against adverse spousal testimony. With regard to a related privilege, the marital communications privilege, every Circuit addressing the issue has held that the privilege does not apply to communications having to do with present or future crimes. See United States v. Marashi, 913 F.2d 724, 730 (9th Cir. 1990). The statements at issue in this case are statements of each Defendant freely given to the prosecutor under oath which are being admitted as evidence of a statement of a co-conspirator in the furtherance of the conspiracy. "The marital communications privilege does not apply to statements made in furtherance of joint criminal activity." Id. at 731.

ORDER  -3-

1  privilege. Id.  However, courts in the Fourth Circuit have not read Hall to absolutely bar the

2  admission of out-of-court statements made by the spouse in writing or to a third person. See

3  United States v. James, 164 F. Supp. 2d 718, 725 (D. Md. 2001).  Moreover, the Cooks'

4  reliance on Hall ignores several relevant Ninth Circuit cases.

5        The adverse spousal testimony privilege was of no use to a defendant where "his wife

6  did not 'testify' against him, but provided information used to support the issuance of a

7  search warrant."  United States v. Lefkowitz, 618 F.2d 1313, 1318 (9th Cir. 1980).  The

8  Government in this case does not ask Mrs. Cook to testify against Mr. Cook, nor is it asking

9  Mr. Cook to testify against Mrs. Cook.  The Cooks' assertion that the admission of their

10  voluntary statements to the Government, before the filing of any charges, constitutes being

11  compelled to testify, is dubious.  The Ninth Circuit has noted the difference between

12  compelled testimony at trial and the admission of transcripts for *prior* testimony.  United

13  States v. Ramos-Oseguera, 120 F.3d 1028, 1034 n.1 (9th Cir. 1997).

14        Other Ninth Circuit opinions have reached a similar conclusion, and it seems

15  particularly clear that the adverse spousal testimony privilege cannot apply retroactively, or

16  to out-of-court statements.  In United States v. Tsinnijinnie, the court cited the following

17  treatise in allowing an out-of-court statement admissible under a hearsay exception:

18/19/20/21  > By the better view, the privilege does not apply with respect to out-of-court statements of a spouse.  If these be relevant, and if hearsay objections are overcome, such statements should not be excludable by virtue of the instant privilege, at least insofar as they may be put in evidence through the testimony of some third person.  A person holds no privilege to prevent his or her spouse from making adverse statements abroad in the world, and if this occurs and is revealed in court, it is the fact of the out-of-court conduct of the spouse, not the advent of the trial, which is the source of any strain upon the marriage.

22/23  601 F.2d 1035, 1039 (9th Cir. 1979) (citing 2 Louisell & Mueller, Federal Evidence § 218 at

24  624 (1978)).

25        To the extent the privilege against providing adverse testimony against a spouse

26  applied to the Cooks voluntary statements to the government, the privilege was waived when

ORDER  -4-

the statements were made.  The privilege against adverse spousal testimony may not be invoked by the Cooks and does not bar the admission of the Cooks' sworn statements at trial.

**2.      Admissibility of the Government's Proposed Excerpts.**

The Government has designated ten statements by Mr. and Mrs. Cook that it seeks to admit at trial.  The Government contends that each of the statements are admissible as non-hearsay because the statements (1) are not offered for the truth of the matter asserted, or (2) are co-conspirator statements in furtherance of the conspiracy.  Pursuant to Federal Rule of Evidence 801(d)(2)(E), a statement made by one co-conspirator is admissible against another co-conspirator if the government shows, by a preponderance of the evidence, that (1) a conspiracy existed at the time of the statement, (2) the member of the conspiracy against whom the statement is introduced had knowledge of, and participated in, the conspiracy, and (3) the statement was made in furtherance of the conspiracy.  See Bourjaily v. United States, 483 U.S. 171, 175 (1987).  Rule 801(d)(2)(E) is a "firmly-rooted exception" to the hearsay rule and no further indicia of reliability is necessary.  Id. at 182-83.  The trial judge, not the jury, determines whether declarations of co-conspirators are admissible.  United States v. Wiener, 578 F.2d 757, 768 (9th Cir. 1978).  Statements may be conditionally admitted during the Government's case-in-chief subject to being stricken for failure of proof of the conspiracy.  United States v. Sandoval-Villalalvazo, 620 F.2d 744 (9th Cir. 1980).

### A.     Rule of Completeness.

The Federal Rules of Evidence require that when portions of a statement are offered into evidence, and not the entire statement, the portion of the statement offered must not be out of context:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

Fed. R. Evid. 106.  The rule is based on two considerations: (1) the misleading impression created by taking matters out of context; and (2) the inadequacy of repair work when delayed

ORDER  -5-

to a point later in the trial. United States v. Bourgeois, 110 F.3d 70 (9th Cir. 1997) (citing Fed. R. Evid. 106, advisory committee's note). The rule of completeness must be applied to ensure that statements made to law enforcement are fairly presented to the jury. However, the rule does not compel the admission of irrelevant or inadmissible hearsay, even where the Government has offered a portion of testimony in its case-in-chief. See United States v. Burreson, 643 F.2d 1344, 1349 (9th Cir. 1981) (affirming refusal to introduce the entire testimony, or, alternatively, explanatory portions of it, after admitting the portion offered by the government, because the portion offered by defendants was irrelevant and inadmissible hearsay).

As long as the portions of the Defendants' prior testimony are offered in context, the Government need not offer the entire testimony: the rule requires only that the offered statement be internally complete and unambiguous. The rule is not a vehicle for the introduction of substantive evidence in support of a defense. United States v. Jamar, 561 F.2d 1103 (4th Cir. 1977). To the extent the Government offers the Cooks' statements in context and does not distort their meaning, the rule of completeness is satisfied.

**B.     Admissibility of Statements Offered by the Government.**

The Court has reviewed each of the designations offered by the Government, as well as the counter-designations offered by the Defendants. A review of the designated testimony indicates that a pre-trial hearing on the admissibility of the statements is not required. Accordingly, the Defendants' request for a pre-trial hearing is DENIED.

**1.     Wade Cook (April 29, 2003 deposition at 12:14-14:1).**

The statement is taken from a deposition of Wade Cook during the bankruptcy proceedings of the Wade Cook Financial Corporation. The questioning focuses on the corporate structure and corporate responsibilities of Five Star Consulting, Inc. The Government alleges that the statement is admissible because it is not offered for the truth of the matter asserted; rather, the Government offers the statement to "demonstrate the obvious

lack of substance or importance that the Cooks themselves attached to their various alter egos." <u>See</u> Summary of Excerpts, docket no. 194, at 2. The Defendants ask the Court to exclude the statement as hearsay and as irrelevant; Defendants contend that Mr. Cook's inability to recall his role or position with Five Star Consulting proves nothing.

The statement may not be offered by the Government for the stated purpose of demonstrating the lack of substance or importance that the Cooks themselves attached to their various alter egos. The segment is largely offered for the truth of the matter asserted. To the extent offered to show "the lack of substance or importance," the probative value is slight and substantially outweighed by the danger of unfair prejudice or needless presentation of cumulative evidence.

**2.     Wade Cook (July 23, 2002 deposition at 63:13-65:13).**

The statement is taken from a deposition of Wade Cook in an unrelated matter in Superior Court, <u>Bendahan v. Cook</u>. The questioning focuses on the corporate structure and corporate responsibilities of Five Star Consulting; the Government alleges the statement is admissible to "demonstrate the obvious lack of substance or importance that the Cooks themselves attached to their various alter egos." The statement may not be offered to demonstrate the lack of importance the Cooks attached to their various alter egos. Again, the Government largely seeks to introduce the evidence to show the truth of the matter asserted. Morever, to the extent the statement is relevant to the Cooks' "various alter egos," its probative value is slight and substantially outweighed by the danger of unfair prejudice or needless presentation of cumulative evidence.

**3.     Laura Cook (March 31, 2003 deposition at 36:15-25).**

The statement is taken from a deposition of Laura Cook during the bankruptcy proceedings of the Wade Cook Financial Corporation. The questioning focuses on the identity of the Trustee for the charitable remainder trust. The Government claims the statement is admissible because it "tends to undermine the Cooks' claim that the Charitable

ORDER  -7-

Remainder Trust was legitimate." See Summary of Excerpts, docket no. 194, at 3. Mrs. Cook does not specifically object to this testimony being offered, and offers no counter-designation. See Response, docket no. 209, at 15-16. However, the Court finds the statement is inadmissible hearsay. The statement is offered to prove either it is true or false. To the extent the statement is relevant to the Cooks' trust related claims, its probative value is slight and substantially outweighed by the danger of unfair prejudice or needless presentation of cumulative evidence. Accordingly, the statement may not be admitted to undermine the Cooks' claim the trust was legitimate.

**4.     Wade Cook (April 8, 2005 sworn statement at 122:4-123:8).**

This statement is excerpted from Wade Cook's sworn statement on April 8, 2005. The statement relates to Mr. Cook's enthusiasm for, and acknowledged teaching about, charitable remainder trusts as a means of contributing to his church. The Government contends the statement is admissible non-hearsay because (1) the statement is not offered for the truth of the matter asserted; and (2) the statement is offered as a statement by a co-conspirator in furtherance of a conspiracy to obstruct and impede the lawful function of the IRS. The Government argues that these statements of enthusiasm, regarding charitable acts for the benefit of the church, were intended to bolster the Cooks' claim that their charitable remainder trust was utilized for charitable and estate planning purposes, and to impede the investigation of the IRS and the United States.

The statements may be presented as statements of a co-conspirator in furtherance of a conspiracy to obstruct and impede the lawful function of the IRS. The Government's motion to admit the testimony conditionally, subject to "connecting up" with the foundation to be laid by the Government, is GRANTED.[2]

---

[2] For each statement admitted as a co-conspirator's statement in furtherance of the conspiracy, the Court declines to reach the Government's argument that the statements are also admissible as non-hearsay because the statements are not offered for the truth of the matter asserted.

ORDER  -8-

The Court declines to admit the additional excerpts counter-designated by the Cooks. The designated statement deals with Mr. Cook's teaching and writing on the subject of charitable remainder trusts. The counter-designations deal with a structure allegedly proposed by Mr. Berry, and Mr. Cook's alleged reliance on Mr. Berry in the implementation of that structure. This testimony is Defendants' attempt to introduce substantive evidence in support of a defense and is inadmissible hearsay; the structure proposed by Mr. Berry is unrelated to Mr. Cook's own knowledge of charitable remainder trusts. Moreover, the offer of the testimony is for a hearsay purpose, i.e., the testimony is an explanation of the Cook's actions. Accordingly, the following counter-designations are excluded: 98:6-12; 99:22-102:3; 115:25-120:17; 129:19-131:12.

**5.   Wade Cook (April 8, 2005 sworn statement at 143:8-20).**

This statement is excerpted from Wade Cook's sworn statement on April 8, 2005. The statement relates to whether the Cooks had a trust agreement signed by Steve Heaps as trustee, and whether the Cooks backdate documents. The Government contends the statement is admissible non-hearsay because (1) the statement is not offered for the truth of the matter asserted; and (2) the statement is offered as a statement by a co-conspirator in furtherance of the conspiracy to obstruct and impede the lawful function of the IRS. The Government argues that this is a false statement intended to mislead the IRS regarding whether documents were backdated by the Cooks.

The statement may be presented as a statement of a co-conspirator in furtherance of a conspiracy to obstruct and impede the function of the IRS. The Government's motion to admit the testimony conditionally, subject to "connecting up" with the foundation to be laid by the Government, is GRANTED.

The Court declines to admit the majority of the additional excerpts counter-designated by the Cooks. The designated statement deals with whether the Cooks had a trust agreement signed by Steve Heaps as trustee, and whether the Cooks backdate documents. The Cooks

ORDER  -9-

offer numerous counter-designations where they allege Mr. Cook "explains why documents may have been created after the date recited in them." However, the only relevant statement comes when Mr. Cook attempts to explain the different dates. See Response, docket no. 209, ex. 1 (Wade Cook 4/8/05 Tr. at 156:1-9). In the event the Government offers the designated statement, the Court will allow the counter-designation at 155:17-156:9. This is allowed to make the statement complete. Except for this counter-designation, the counter-designated statements are explanatory inadmissible hearsay, and provide no context for the earlier statement designated by the Government. Accordingly, the following counter-designations are excluded: 131:13-18; 138:4-150:3; 150:23-151:2; 152:1-153:4; 153:17-155:16.

**6.     Wade Cook (April 8, 2005 sworn statement at 164:23-166:18).**

This statement is excerpted from Wade Cook's sworn statement on April 8, 2005. The statement relates to the Cooks' alleged failure to claim a charitable deduction for contributions to the charitable remainder trust. The Government contends the statement is admissible non-hearsay because (1) the statement is not offered for the truth of the matter asserted; and (2) the statement is offered as a statement by a co-conspirator in furtherance of the conspiracy to obstruct and impede the lawful function of the IRS. The Government argues that this is a false statement intended to provide a logical explanation for the Cooks' failure to take an "obvious" charitable deduction on their income taxes.

The statement may be presented as a statement of a co-conspirator in furtherance of a conspiracy to obstruct and impede the function of the IRS. The Government's motion to admit the testimony conditionally, subject to "connecting up" with the foundation to be laid by the Government, is GRANTED.

The Court declines to admit the additional excerpts counter-designated by the Cooks. The designated statement deals with the failure to claim a charitable deduction for contributions to the charitable remainder trust. The statement is presented in context and is

ORDER  -10-

complete. The counter-designations are substantively unrelated, and do not address the failure to get an appraisal or claim the deduction. The following offered counter-designations are irrelevant, inadmissible hearsay, and are excluded: 98:6-12; 99:22-102:3; 115:25-120:17; 129:19-131:12.

**7.    Wade Cook (April 8, 2005 sworn statement at 167:24-173:17).**

This statement is excerpted from Wade Cook's sworn statement on April 8, 2005. The statement relates to Mr. Cook's meetings with Brother Rasmussen of the Mormon Church regarding donations through the charitable remainder trust. The Government contends the statement is admissible non-hearsay because (1) the statement is not offered for the truth of the matter asserted; and (2) the statement is offered as a statement by a co-conspirator in furtherance of the conspiracy to obstruct and impede the lawful function of the IRS. The Government argues that this is a false statement intended to mislead the IRS by suggesting that the charitable remainder trust was valid, when in fact it was not.

The statement may be presented as a statement of a co-conspirator in furtherance of a conspiracy to obstruct and impede the function of the IRS. The Government's motion to admit the testimony conditionally, subject to "connecting up" with the foundation to be laid by the Government, is GRANTED. The Cooks have not counter-designated any testimony related to this excerpt. See Response, docket no. 209, at 10-14.

**8.    Wade Cook (April 8, 2005 sworn statement at 214:4-216:6; 225:21-228:18).**

These statements are excerpted from Wade Cook's sworn statement on April 8, 2005. The statements relate to the Cooks' borrowing from the Never Ending Wealth limited partnership, the $3.0 million promissory note, and Mr. Berry's advice regarding borrowing from the charitable remainder trust. The Government contends the statements are admissible non-hearsay because (1) the statements are not offered for the truth of the matter asserted; and (2) the statements are offered as statements by a co-conspirator in furtherance of the conspiracy to obstruct and impede the lawful function of the IRS. The Government argues

ORDER   -11-

that statements, including the reference to the promissory note, are the "core allegations" of the Government's conspiracy claim because they bolster the Cook's claim that the promissory note was genuine.

These statements may be presented as statements of a co-conspirator in furtherance of a conspiracy to obstruct and impede the IRS. The Government's motion to admit the testimony conditionally, subject to "connecting up" with the foundation to be laid by the Government, is GRANTED.

The Court declines to admit the additional excerpts counter-designated by the Cooks. The designated statements deal with borrowing from the trust, advice from Mr. Berry on that subject, and the creation of the promissory note, whereas the counter-designations deal with numerous other issues. Even the part of the transcript that deals with the Cooks' plan to repay the loans doesn't relate to the promissory note or the advice received from Mr. Berry with regard to borrowing from the trust. See Response, docket no. 209, ex. 1 (Wade Cook 4/8/05 Tr. at 249:24-251:24). The counter-designations do present a part of the Cooks' theory of the case; however, they are inadmissible hearsay and the rule of completeness does not require their admission. The following offered counter-designations are excluded: 98:6-12; 99:22-102:3; 115:25-120:12; 120:25-121:5; 166:16-167:20; 249:24-253:8.

**9.   Laura Cook (April 8, 2005 sworn statement at 57:2-14).**

This statement is taken from Laura Cook's sworn statement on April 8, 2005. The statement relates to whether the Cooks backdated documents, which the Government alleges was part of a conspiracy to obstruct and impede the IRS. The statement may be admitted as a statement of a co-conspirator in furtherance of a conspiracy to obstruct and impede the IRS. The Government's motion to admit the testimony, subject to "connecting up" with the foundation to be laid by the Government, is GRANTED.

The Court declines to admit the Cooks' counter-designations, with two exceptions: 56:13-57:5 from Mrs. Cook's April 8, 2005 statement may be admitted. It immediately

precedes the statement offered by the Government and provides context to the Government's question regarding whether the creation of the trust and partnership would have been related. Although the statement has nothing to do with the alleged backdating of documents, its admission provides context. The Court also notes the designation by the Cooks of 86:14-88:20 of Mrs. Cook's April 13, 2005 statement. That portion of the statement purportedly clarifies Mrs. Cook's prior testimony regarding the backdating of documents, although the statement was made several days after Mrs. Cook's April 8, 2005 statement. Nevertheless, the statement purports to directly clarify Mrs. Cook's earlier answer now designated by the Government. Accordingly, 86:14-88:3 may be admitted. The Court excludes 88:3-88:20 because it is a statement of the Cooks' lawyer and not Mrs. Cook.

The remainder of the statements may not be admitted because they are unrelated, irrelevant hearsay statements which serve only to present the Cooks' defense without requiring them to testify. Accordingly, the following statements are excluded: 40:7-16; 43:21-25; and 88:3-88:20. The following counter-designated statements may be admitted if the Government offers the designated statement: 56:13-57:5; 86:14-88:3.

### 10.     Laura Cook (April 13, 2005 sworn statement at 105:24-110:25).

This statement is taken from Laura Cook's sworn statement on April 13, 2005. The statement relates to the borrowing of money by the Cooks from the partnership and the preparation of a promissory note. The statement may be admitted as a statement of a co-conspirator in furtherance of a conspiracy to obstruct and impede the IRS. The Government's motion to admit the testimony, subject to "connecting up" with the foundation to be laid by the Government, is GRANTED.

The Court declines to admit the Cooks' counter-designations. The Government's designation relates to Mrs. Cook's memorialization of funds transfers, the need for an explanation of the transfers, and the preparation of the promissory note. The majority of the exculpatory counter-designations offered by the Cooks are unrelated (or only loosely related)

ORDER  -13-

to the testimony designated by the Government. The counter-designated statements are not necessary for context, and are not necessary under the rule of completeness. The admission of this inadmissible hearsay would effectively present much of the Cooks' defense without requiring them to testify at trial. Accordingly, the following offered counter-designations are excluded: 42:5-43:8; 46:4-47:25; 51:2-52:12; 105:9-13; 117:24-129:16; 130:22-132:22; 138:10-140:3; 145:6-25; 147:5-6; 147:8-150:8; 155:6-21; 194:13-195:23; 263:22-264:5.

**11.  Laura Cook (April 8, 2005 sworn statement at 78:18-79:3).
Laura Cook (April 13, 2005 sworn statement at 136:18-24).**

Laura Cook counter-designates portions of her sworn statement in response to the above designations. However, the Court has carefully reviewed the Government's designations for Mrs. Cook and has been unable to locate the Government's designation of these statements. See Summary of Excerpts, docket no. 194. Accordingly, the Court excludes the counter-designations offered by the Cooks for these statements because the Government has not designated the statements.

IT IS SO ORDERED.

DATED this 16th day of January, 2007.

Thomas S. Zilly
United States District Judge

ORDER  -14-